John William HALUSKA, Appellant,

v.

Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Appellee.

No. 17918.

United States Court of Appeals Eighth Circuit.

March 31, 1965.

John William Haluska, made argument pro se and filed printed brief.

Stanley H. Green, Asst. U. S. Atty., Minneapolis, Minn., made argument for appellee and filed printed brief, with Miles W. Lord, U. S. Atty., Minneapolis, Minn.

Before VAN OOSTERHOUT and MATTHES, Circuit Judges, and REGISTER, District Judge.

PER CURIAM.

The pertinent facts giving rise to this appeal are disclosed by the printed record and by the certified copy of transcript of the record of administrative proceedings relating to appellant's application to establish a period of disability and his claim for disability insurance benefits under Subchapter II of the Social Security Act (42 U.S.C.A., Section 401 et seq.).

By action of the appropriate Minnesota agency of the Department of Health, Education and Welfare, appellant was granted a period of total disability commencing June 30, 1956, based upon applications filed April 15, 1957, and June 17, 1960. Maximum monthly benefits were paid appellant beginning in August, 1959. In August, 1963, such benefits were terminated effective after September, 1962, resulting in a substantial overpayment. Upon reconsideration, such overpayment was waived.

Apparently being dissatisfied with the August, 1963, determination terminating his period of disability and disability insurance benefits previously established for him, Mr. Haluska requested a hearing. Such hearing was had before Mr. Morton J. Goustin, Hearing Examiner of the Bureau of Hearings and Appeals, Social Security Administration, on March 12, 1964. On May 19, 1964, the hearing examiner decided that " * * * claimant's 'disability' did not cease in July 1962, but has continued to date; and, accordingly, that claimant is entitled to both past and future disability insurance benefits under the Social Security Act, as amended."

From such decision appellant requested a review by the Appeals Council, as permitted by the Social Security Act. On August 12, 1964, this request was denied. Appellant thereupon filed a complaint in the United States District Court for the District of Minnesota, seeking a review of appellee's decision of August 12, 1964. Upon motion by appellee, the District Court dismissed said complaint; this appeal followed.

Succinctly, the record therefore discloses the following: (1) applications for disability insurance benefits under the Act, (2) establishment of disability and payments therefor, (3) determination that disability no longer existed and termination of benefit payments, (4) request by appellant for review of such determination, (5) granting of such request and the subsequent finding by the hearing examiner that appellant was, due to his physical condition, totally disabled, and the reinstatement of maximum benefits to appellant, (6) the receipt by appellant of such benefits pursuant to his applications and request, (7) the request by appellant for a review by appellee of the examiner's decision, (8) the denial of such request, (9) filing of the complaint in the District Court, and (10) the appeal to this Court from the District Court's order of dismissal.

Mr. Haluska appeared personally and testified at the hearing before the examiner. Prior to the taking of any testimony at that hearing, the examiner made a preliminary statement, a part of which

informed appellant that "* * * the burden of proof is upon you to prove that you are unable to work by reason of your physical impairments * * *". Appellant was carefully questioned as to his ability to engage in substantial gainful activity. From such testimony it appears that appellant had, notwithstanding his impairment, energetically and persistently sought employment and in fact had, on occasions, secured employment, but that, through no fault of his own and due solely to his physical impairment, had been unable to retain it. The testimony reveals that when appellant remained on his feet for the length of time required for his work he got severe cramps or "charlie horses" in his legs; that " * * * at the end of the day my legs are just like two by fours— stiff * * *"; that he was unable to rest, and at times was unable to stand; that the condition was "crippling"; and that at times appellant suffered severe headaches. Extensive medical records, reports of physicians, and other evidence was received at the hearing. It is obvious that the examiner was satisfied that appellant had sustained his burden of proving physical impairment and that the evidence adduced firmly established that, due to appellant's physical condition he was, for the purposes of the Act, totally disabled and entitled to the benefits provided by law. It further clearly appears that the Appeals Council was satisfied that the decision of the hearing examiner was fully justified, for in the August 12, 1964, letter from the Chairman of said Council, whereby appellant was informed that his request for a review of the hearing examiner's decision was denied, appears the statement that " * * * the hearing examiner's decision is wholly favorable to you and is supported by the evidence of record, * * *".

■ It is our opinion that the action taken by the Appeals Council in effect sustains the decision of the hearing examiner, that such decision was "wholly favorable" to appellant, and that the same is supported by substantial evidence.

The statute pertaining to judicial review of any final decision of the Secretary (appellee) is found at 42 U.S.C.A. § 405(g), which provides, insofar as is here applicable, as follows:

"(g) Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides or has his principal place of business, * * *. As part of his answer the Secretary shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. * * * *The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive, * * *.*" (Emphasis added).

Appellee contends that Section 405(g) contemplates an appeal only from an adverse decision and that, since the decision of the hearing examiner, as affirmed by the Appeals Council, is favorable to the appellant, it is nonappealable. Though this contention was raised and briefed by appellee, we have preferred to disregard it and have proceeded to the merits.

■ Appellant, by his complaint filed in District Court, also seeks relief against various parties upon whom process was not served and who have made no appearance in this litigation. As to such parties, this Court is without jurisdiction to grant the relief asked. The only question within the scope of this action and which is properly before us concerns the decision of the appellee regarding the disability claim of appellant.

■ The order of the District Court dismissing appellant's complaint is affirmed.